May it please the Court, Counsel Larry Wishart, Reno, Nevada for Appellant and Petitioner Mr. Tiger. Mr. Tiger is currently incarcerated in Nevada State Prison from a judgment of conviction entered in August of 1983. A notice of appeal was filed at that time. Trial counsel who had been retained was eventually appointed by the Court to represent Mr. Tiger on appeal. No opening brief was filed. After a number of months, the Nevada Supreme Court entered an order requiring Mr. Cooper, appellate counsel, to either file an opening brief or the appeal would be dismissed. Mr. Cooper failed to file an opening brief and the appeal was in fact dismissed. Some seven or eight years later, Mr. Tiger, who had been incarcerated in prison this whole time, learned for the first time that his appeal had been dismissed. He immediately began an effort to seek a remedy on his own, filing a petition for it of habeas corpus or post-conviction relief in Nevada State Courts. He was appointed So my understanding that that's now been granted? Well, and that may make this moot and it may just create another problem, Your Honor. And I know you haven't had a lot of time to look at what I brought down today. This was just received by myself and by Ms. Mooneyhan from the Attorney General's office, I believe last Thursday. And what we're told, and I think it's reflected in the letter from Jonelle Thomas, who is Mr. Tiger's state court counsel, that apparently even though there's a certificate of service attached to the back of the order, that at least Ms. Thomas was never served with the order. And the part of the order is that a new trial date would be set for Mr. Tiger, I believe, on December 13th of last year. This has never taken place. As far as I know, the order was not served on the Clark County District Attorney either. So at this point, this order has been of no effect. As far as I know, the time within which the state of Nevada might be able to appeal from this order has not even begun to run. So once again, and unfortunately typical of this case, the corrective process has failed Mr. Tiger. What's your position in terms of the impact of that order on the issues before this Court? Well, the granting of a new trial would certainly, I believe, be the appropriate remedy at this point. The remaining issue is that the order was not served. The grant grants Tiger a new trial. The district court, state district court in Nevada grant of his state habeas petition awards Tiger a new trial. My belief is that with one exception, that that would probably make these proceedings moot. I think this is the remedy. So the answer to my question is yes, not whether it's moot or not. They granted his writ and awarded him a new trial. The district court. Can we just take this one step at a time? Yes. They have, correct? Yes. Has the state appealed from that? Not that we know of. And we can ask, but apparently they weren't served either, so maybe their time hasn't begun to run. That's what we understand. And ---- What's the issue that you think is not mooted? Well, the fact that Mr. Tiger has still not been afforded a direct appeal to the Nevada Supreme Court, and the issues addressed on state habeas may not be the same. In a hypothetical situation, Mr. Tiger has been convicted of a number of charges. And he could possibly have his conviction reversed on one or more of those charges on direct appeal. And I believe ---- You're saying he's been granted a new trial, right? That's correct. I'm not talking about a remand for a new trial, Your Honor. I'm talking about hypothetically, and, frankly, I don't know the answer to this, it's possible that the Nevada Supreme Court could simply reverse one of those convictions on direct appeal, and he would not have to go back to trial then on one or more of the charges. Well, was reinstitution of his direct appeal one of the items of relief he sought? I'm still referring to the state proceedings. Well, he did seek that in state court, yes. And when Ms. Thomas was appointed, the first thing she did was move to recall the remitter so that he could pursue his direct appeal. And that was denied by the Nevada Supreme Court. So he has sought to reinstate his direct appeal. In reality, if he is granted a new trial, that would probably resolve the situation. But I have to consider the possibility that on direct appeal, he might have been granted some relief that he could not be granted on state habeas. Why don't we hear from the state at this time, and then you've got almost a full five minutes. We can explore this further if we need to. Thank you, Your Honor. Thank you for your argument. Counsel? May it please the Court, Brandi Mooneyham, Carson City, Nevada, for the respondents. To answer your question that you asked a little bit earlier, the district attorney of Clark County in Las Vegas is a separate prosecuting agency than the attorney general. However, I can represent to the Court, I spoke with Clark County DA, Deputy District Attorneys who said they were not served. This order was in the district attorney's file, but apparently no Deputy DA had ever seen it. It came through interoffice mail. Somebody filed it. I'm sorry, you said it was in the district attorney says that he wasn't served, but it ended up in his file? Correct. They don't say they weren't served, but the appropriate district attorney, Leon Simon, who argued this case, had not seen it as of last week when Mr. Richard and I... But the certificate of service actually has that person named. Correct. And the opinion was in the person's file. It was in the... Yes. Yeah. It's a different office than mine. I'm not sure how they're filing system works, but the way I understand it is it was in the major violators unit and they're in the appellate division and they just didn't see it as Ms. Thomas didn't see it. I don't know. I think it was sent through interoffice mail or something like that. They're in the same building. The right hand not only does not talk to the left, the forefinger doesn't talk to the thumb. And depending on the service, time for appeal may have run, but... And the time to appeal runs from that date. And do we know whether such a notice has ever been entered? As of Friday, it has not been. What's the... You're here for the state of Nevada to speak for it. What's the state's position with respect to mootness of this appeal? We are of the opinion that it's in... At this moment, we're not quite sure. Because the notice of entry hasn't been entered, the district attorney still could have 30 days to appeal this. Obviously, if he does not appeal, we think it's moot because there is no conviction to be challenged in federal habeas corpus. If the DA does appeal and loses, again, Tiger gets a new trial. But at the moment, it's kind of an unsure position. If they do appeal and win, or if they do appeal, we won't know what happens until the Supreme Court decides. If they don't, within the next three days, it could become moot. Side question. The individual, is his name Cooper, who failed to file the opening brief in the direct appeal? Correct. What's happened with regard to that failure? I... Do you mean if he was... Was it reported to the state bar? I don't know if it was or not. I'm... I am of the understanding. I'm not positive. I haven't seen any proof of this. But what I hear is that Mr. Cooper passed away shortly after, sometime in the late 80s. Hopefully not before the brief was filed, or do? No, no. All right. Anything else on mootness? Just that we were... My colleagues and I, when this came to our attention last week, we thought the best thing might be to have some sort of limited remand back to the district court to see what happens within the next 30 days. If an appeal happens, maybe some kind of supplemental briefing after that, or something along those lines, because we are not sure if it's moot or not. It's going to take 30 days to figure it out. Okay. Can I ask you this? This is obviously a surprise to both sides on this point. Does this happen very often? I've never seen it happen. I haven't been practicing too many years. I've never seen it happen. And Mr. Wishart seemed quite surprised when we talked about it. And my colleagues have never seen anything like this. Okay. Thank you. Thank you for your argument. Counsel? I'll confirm what Ms. Mooney had said, Your Honor. I've never seen anything like this. But in this case, it almost seems like it was inevitable. I don't have anything further to present to the court, unless the court has any further questions of me. I don't see any. Thank you for your argument. The case just argued will be submitted for disposition. And we'll proceed to the next case on the calendar.
judges: Hawkins, W.fletcher, Breyer